IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| KATE I. UWASOMBA,<br>JUDITH UWASOMBA, and<br>SARAH UWASOMBA,<br>    Plaintiffs, | )<br>)<br>)<br>)<br>) | |
| v. | ) | CIVIL ACTION NUMBER: 3:12CV213 |
| | ) | |
| CLYDE D. JETT, *In Individual and*<br>*Official Capacities*, CENTRAL<br>TRANSPORT INCORPORATION,<br>DOUGLAS A. LINES, PC,<br>DONALDSON & BLACK<br>INCORPORATION, and<br>ARONBERG GOLDHEIN & GARMISA,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |

## MEMORANDUM OPINION
### (Defendants' Motions to Dismiss)

Now pending before the Court are three Motions to Dismiss filed by Defendants

Clyde D. Jett and Central Transport, Inc., Douglas A. Lines, P.C., and Aronberg

Goldgehn Davis and Garmisa[1], respectively.  In each of their Motions, Defendants urge

this Court to dismiss Plaintiffs' Complaint for a variety of reasons including ineffective

service of process, lack of subject matter jurisdiction, failure to state a claim upon which

relief can be granted, and the running of the statute of limitations.  All parties have filed

memoranda supporting their respective positions.  The Court will dispense with oral

argument because the facts and legal contentions are adequately presented in the

materials before the Court, and oral argument would not aid in the decisional process.

---

[1] Although Plaintiffs identified Defendant as "Aronberg Goldgehn & Garmisa," the firm's
correct name is "Aronberg Goldgehn Davis & Garmisa."

Because Plaintiffs have not alleged facts sufficient to confer subject-matter jurisdiction upon this Court, however, the Complaint must be DISMISSED pursuant to Fed. R. Civ. P. 12(b)(1).

## I.    BACKGROUND

Plaintiffs Kate I. Uwasomba, Judith Uwasomba, and Sarah Uwasomba ("Plaintiffs") bring this action against Defendants Clyde D. Jett, Central Transport, Inc., Douglas A. Lines, P.C., Donaldson & Black Incorporation, and Aronberg Goldgehn Davis and Garmisa (collectively "Defendants"), alleging that they were cheated by their attorneys with respect to a settlement agreement arising out of a car accident. Plaintiffs' Complaint contains the following factual allegations.

On March 1, 2002, while traveling north on Highway 85 in Greensboro, North Carolina, Plaintiffs claim that Defendant Clyde D. Jett ("Jett") rear-ended their vehicle. The collision with Jett caused Plaintiffs to strike another vehicle. (Compl. at 1-2.) As a result of this collision, Plaintiffs allegedly sustained a number of different injuries, giving rise to chronic back and chest pain. (*Id.* at 3). Plaintiffs assert that they incurred numerous out-of pocket medical expenses and have ultimately been unable to work full-time because of the sustained injuries. (*Id.* at 2.) Following the accident, Plaintiffs allegedly retained Defendant Lines' to represent them in the negotiation of their accident claim. According to the Complaint, Defendant Lines advised Plaintiffs to also retain an attorney in North Carolina due to the concern that the "case could only be resolved in the state in, which the accident occurred." (*Id.*) Consequently, Plaintiffs claim that they retained local counsel in North Carolina.

2

On January 5, 2006, with the assistance of both counsel, Plaintiffs reached a settlement with Defendant Jett totaling $40,0000. According to the information provided by Plaintiffs, $16,200 in medical expenses was deducted from this total amount immediately following the execution of the settlement agreement. Plaintiffs then received a check for the remaining $23,800. From that remaining balance, two additional medical bills were paid to Dr. Leon Brown in the amount of $1,270, and Chippenham Hospital in the amount of $865. Lastly, $7,865.00 was allegedly deducted and divided equally to compensate each of Plaintiffs' attorneys. Plaintiffs claim they were left with a final settlement payment of $13,800. In their Complaint, Plaintiffs now contend that the final sum they received was grossly inadequate, failing to compensate them for the "excruciating pain and bodily harm" that they have suffered. (*Id.* at 2.)

Plaintiffs filed a Complaint in this court on March 20, 2012, asserting causes of action for due process violations, unconscionability, negligent and intentional infliction of emotional distress, interference with the liberty of contract, deliberate indifference, and, lack of skill. Plaintiffs assert that this Court has jurisdiction on "constitutional, statutory, and procedural bases." (*Id.* at 4.)

In response, Defendants filed the instant Motions to Dismiss urging this Court to dismiss Plaintiffs' Complaint for a lack of subject matter jurisdiction, among a host of other reasons. Defendants contend that Plaintiffs have failed to allege a claim arising under federal law and failed to otherwise meet the requirement of complete diversity. Specifically, Defendants assert that Plaintiffs, as well as multiple Defendants reside in Virginia. In addition to the lack of subject-matter jurisdiction, Defendants argue that the

Complaint fails to allege a sufficient cause of action upon which relief can be granted, and is otherwise barred by the statute of limitations. Because the Court ultimately finds that it lacks subject matter jurisdiction to hear Plaintiffs' Complaint, it need not reach Defendants' other objections.

## II.  STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move for dismissal of a claim for lack of subject matter jurisdiction. In such a motion to dismiss, the burden rests with the plaintiff, the party asserting jurisdiction, to prove that federal jurisdiction is proper. *See Int'l Longshoremen's Ass'n v. Va. Int'l Terminals, Inc.*, 914 F. Supp. 1335, 1338 (E.D. Va. 1996), *citing McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A Rule 12(b)(1) motion can only be sustained when "the claim is 'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy." *Holloway v. Pagan-River Dockside Seafood, Inc.* 669 F.3d 448 (4th Cir. 2012) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)).

A motion to dismiss pursuant to Rule 12(b)(1) can attack subject matter jurisdiction in two ways. First, a Rule 12(b)(1) motion may challenge the complaint on its face, asserting that it fails to state a claim upon which subject matter jurisdiction can lie. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338. In such a challenge, a court assumes the truth of the facts alleged by the plaintiff, thereby functionally affording the same procedural protection that would be received under Rule 12(b)(6) consideration. *See Id.*

4

A Rule 12(b)(1) dismissal, however, may also challenge the existence of subject matter jurisdiction in fact, apart from the pleadings. *See Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991); *Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *see also Adams*, 697 F.2d at 1219. In such a challenge, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating the merits of jurisdictional claims. *See Int'l Longshoremen's Ass'n*, 914 F. Supp. at 1338; *Adams*, 697 F.2d at 1219. If the facts necessary to determine jurisdiction are intertwined with the facts central to the merits of the dispute, the proper course of action is for the court to find that jurisdiction exists and then to resolve the factual dispute on the merits unless the claim is made solely for the purpose of obtaining jurisdiction, or is determined to be wholly insubstantial and frivolous. *Adams*, 697 F.2d at 1219; *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Bell v. Hood*, 327 U.S. 678, 682–83 (1946).

In addition, the Court notes the liberal construction afforded to *pro se* complaints. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to

conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

## III.   ANALYSIS

Federal courts have original jurisdiction over any "civil action[] arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1). Because the immediate case fails to satisfy either of these requirements, the Court must dismiss it.

The Court turns first to its authority to exercise jurisdiction over a claim which implicates a federal question. Here, the factual allegations contained in Plaintiffs' Complaint do not support this Court's "federal-question" jurisdiction. In relevant part, Plaintiffs claim that their due process rights have been violated under the Fifth Amendment, resulting in the "near deprivation of life, property, and liberty interests." (Compl. at 2, 4.) They also allege "interference with liberty of contracts," citing their diminished ability to undertake "contractual employment" following the accident. (*Id.* at 5.)

It is well established, however, that "[f]ederal jurisdiction may not be premised on the mere citation of federal statutes" or constitutional provisions. *Weller v. Dep't of Soc. Services for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990). Here, Plaintiffs' Complaint merely seeks to rescind the 2006 settlement agreement arising out of the motor vehicle accident that occurred in 2002, in addition to making accusations that Plaintiffs' former counsel engaged in malpractice. Nowhere, have Plaintiffs alleged any

6

fact which would implicate a claim predicated on the Constitution or the laws of the United States as required for subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Therefore, this Court lacks subject matter jurisdiction based on a federal question.

Plaintiffs' Complaint also fails to meet the requirements of diversity jurisdiction as set forth in 28 U.S.C. § 1332. "Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 104 (4th Cir. 2011) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996)).

According to the instant Complaint, all three Plaintiffs are Virginia residents. Indeed, the Complaint clearly identifies Plaintiffs as residents of Richmond, Virginia "for upwards of ten year[s]." (Compl. at 3.) Furthermore, the Complaint alleges that Defendant Jett and the "third Defendant" (presumably Defendant Lines) are also residents of Virginia. (Compl. at 3, 4.) Because the Court cannot find, based on the facts asserted in the Complaint, that "the citizenship of *every* plaintiff [is] different from the citizenship of every defendant," *Mountain State Carbon*, 636 F.3d at 104 (emphasis added), Plaintiffs have failed to allege facts sufficient to confer diversity jurisdiction upon this Court.

## IV. CONCLUSION

In the absence of either federal-question or diversity jurisdiction, this case is subject to dismissal as to all Defendants under Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiffs' Complaint is therefore DISMISSED.

7

Should Plaintiffs wish to appeal this Order, written notice of appeal must be filed with the Clerk of Court within thirty (30) days of the date of entry hereof.  Failure to file a notice of appeal within that period may result in the loss of the right to appeal.

It is so ORDERED.

The Clerk is directed to send a copy of this Order to Plaintiff, who is *pro se*.


/s/
_____

Henry E. Hudson
United States District Judge

Date: July 3, 2012
Richmond, VA